**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JEREMY SHEPHERD, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>BELKIN INTERNATIONAL, INC., and WALMART INC.,<br><br>        Defendants. | Civil Action No. 21-CV-5862 |

## CLASS ACTION COMPLAINT

Plaintiff JEREMY SHEPHERD ("Plaintiff"), by and through his undersigned counsel, upon personal knowledge as to himself and upon information and belief as to all other matters, allege as follows:

1.      Plaintiff brings this action against defendants BELKIN INTERNATIONAL, INC. ("Belkin") and WALMART INC. ("Walmart"), (collectively referred to herein as "Defendants"), on behalf of himself and all other similarly situated individuals who purchased a Linksys Dual Band AC1000 WiFi router from Defendants based on false and misleading statements from Defendants concerning advertised WiFi speeds.

**FACTUAL ALLEGATIONS**

2.      This is a class action against Defendants BELKIN INTERNATIONAL, INC. and WALMART INC. for unfair and deceptive trade practices concerning the sale of falsely advertised Linksys Wifi routers.

3.      Defendants sell a Wifi router that Belkin has deceptively named Linksys Dual Band AC1000 WiFi Router ("Linksys AC1000").

4.      Defendants advertise the Linksys AC1000 as being a very fast WiFi router for the internet with enhanced speeds that are up to 1,000 Mbps (or 1.0 Gbps).

5.      The 1000 designation in the name of the Linksys AC1000 leads consumers to believe that the router can operate at internet speeds of up to 1,000 Mbps.

6.      Defendants also claim the Linksys AC1000 is 2.3x faster than Wireless N or WiFi 4 technology.

7.      Wireless N and WiFi 4 are older technologies that allow routers to run at maximum speeds of approximately 300-450 Mbps.

8.      The webpage at Linksys.com for the Linksys AC1000 states in relevant part:



## ENHANCED WIFI SPEEDS AT AN AFFORDABLE PRICE

Now every home can enjoy the power of WiFi 5 Technology. The Linksys AC1000 Dual-Band WiFi 5 Router delivers enhanced speed, range, and security for all your networking needs. With speeds up to 2.3x faster than WiFi 4, you'll be able to swiftly stream HD, surf, email, game, browse, and chat.



## FAST ETHERNET PORTS FOR HIGH-SPEED DATA TRANSFERS

With its four Fast Ethernet ports, the AC1000 Dual-Band WiFi 5 Router supports fast wired connections and enables quick file transfers.

9.     The webpage at Walmart.com for the Linksys AC1000 states in relevant part:



## About This Item

**We aim to show you accurate product information.** Manufacturers, suppliers and others provide what you see here, and we have not verified it. See our disclaimer

**ENHANCED WIFI SPEEDS AT AN AFFORDABLE PRICE.**

The Linksys AC1000 Dual Band WiFi 5 Router is a dual band router that lets you enjoy the luxury of high-speed Wi-Fi. Now every home can enjoy the power of WiFi 5 Technology. The Linksys AC1000 Dual-Band WiFi 5 Router delivers enhanced speed, range, and security for all your networking needs. With speeds up to 2.3 times faster than WiFi 4, you'll be able to swiftly stream HD, surf, email, game, browse, and chat.

**Linksys AC1000 Dual Band WiFi 5 Internet Router, Black**

- Enhanced WiFi speeds up to 1.0 Gbps
- Dual wireless bands for double the bandwidth
- Four Ethernet ports for wired connections
- WPA2 encryption and SPI Firewall
- Includes guest access and parental controls
- Easy, browser-based setup
- Visit Linksys.com for more Linksys router options and accessories



10.    The Linksys AC1000 product packaging leads customers to believe that the router can access internet speeds up to 1,000 Mbps by stating "1000 Mbps and dual bands let you surf, stream, game, and chat without losing a connection."

11.    The relevant product packaging for the Linksys AC1000 is as follows:



12.    Plaintiff purchased a Linksys AC1000 router from Walmart based on Defendants' false and misleading statements alleged herein and discovered that the Linksys AC1000 only operated at WiFi internet speeds between 80-90 Mbps, more than 900% slower than the advertised speeds.

13.     After an extensive investigation, Plaintiff's counsel determined the Linksys AC1000 was not capable of transmitting WiFi internet speeds greater than 100 Mbps because the Ethernet port on the Linksys AC1000 router that connects to the cable modem caps internet transmissions to no more than 100 Mbps as it lacks the more expensive Gigabit Ethernet technology contained in competing router models.

14.     Accordingly, Defendants' statements indicating that the Linksys AC1000 has WiFi speeds for the internet of up to 1,000 Mbps, are false.

15.     Further, the Linksys AC1000 WiFi internet speeds are not 2.3 times faster than Wireless N or WiFi 4 technology when accessing the internet, but more than 100% slower.

16.     The Linksys AC1000 is falsely advertised and sold by other major retailers in addition to Walmart, such as Bestbuy and Amazon.com.  Although, some major retailers, such as Target, do not sell Linksys routers.

17.     Plaintiff, and many other consumers, purchased a falsely advertised Linksys AC1000, based on the false and misleading representations described herein and were damaged as a result.

18.     Many consumers who purchase falsely advertised Linksys AC1000 routers will never know that the router is not running at the advertised WiFi speeds.

19.     However, numerous purchasers have discovered the falsely advertised speeds and have posted complaints on retailer websites, including Defendants' websites.

20.     For example, one purchaser named seecomputer, posted the following, two years ago, on Linksys.com: "My only issue was with the speed of the unit. The unit

seems much slower than the higher priced Linksys models and the network ports only support 10/100 and not 1000." *See* https://www.linksys.com/us/ac1000-wifi-5.

21.     A purchaser named swave28 posted the following two years ago on Linksys.com: "Only getting 70mbs wireless my ISP is 300mbs, all the little router could take. I'ma have to try to sell it the BOX SAYS 1000MBS "WIRELESS" HOW CAN U MENTION BOTH 1000MBS A ETHERNET PORT SHOULD BE 1.5GBS STANDARD ALREADY STOP PLAYIN."

22.     A purchaser named Dean posted a review on July 21, 2021, on Walmart.com, and stated in relevant part: "After setup, I ran a speed test to see how it performed, I have to say I'm a little disappointed in the speeds. Both the 2.4 and 5.0 bands clocked in at speeds that were half of what my existing router transmitted. I have cable internet with 150 mbps and I do reach 150 mbps with my wifi 5.0 connection but the Linksys router could only hit 70-80 mbps. This router will do what I need it to but the range and speeds are less than desired. I would probably recommend spending more money     and     getting     a     stronger     router."     *See* https://www.walmart.com/ip/Linksys-Dual-Band-AC1000-WiFi-Router.

23.     A purchaser named Andy posted a review titled "Expect no more than 100mbps" on September 13, 2021, on Walmart.com, and stated: Only 100mbps / fast Ethernet. AC1000 is a bit misleading/confusing. If you're a network guy, you already know this. If not, please know the 1000 is a maximum theoretical number . This is a 2 band unit. Max speed on 5ghz is 867mbps, Max on 2ghz is 300mpbs. I guess they added the numbers together and rounded down to a nice even number. I would be happily with either, except the wired side only supports 100mbps. Since most of us will be connecting

to our modems with a wire, if our internet connection is faster than 100mbps, we will not be able to experience that type of speed. I guess 2 compatible devices connected to the same router could speak to each other at those speeds, but I dont think the majority of us are going to be using this in that manner. Overall it does the job at a low price, just understand what it is. If your internet connection is less than 100 mbps, it will do the job."

24.     A purchaser named David posted a review titled "Do Not Buy!" on August 25, 2021, on Walmart.com, and stated:  "This is the worst router I have used after sixteen years in the field. With a direct connection between my NIC and modem, I get 240 Mbps down and 11 Mbps up. With the router as a middleman through ethernet, my bandwidth drops to 45 Mbps down and 6 Mbps up."

25.     A purchaser named Mommy27 posted a review on August 21, 2019, on Walmart.com, and stated:  "Easy setup but the AC1000 router itself slowed our Windstream internet down. I still had to use my Windstream modem on top of the router which seems pointless."

26.     A purchaser named Sean posted a review titled "Not as Advertised" on December 13, 2019, on Amazon.com, and stated: "Ports on back are 10/100 ... SO no way it can achieve 1000Mbps you would need the 10 / 100/ 1000 ports. Best speed it allowed me was 94Mbps down threw Ethernet cable . Best I got in wifi with phone was 43Mbps down. That was on both the 2.4Ghz and 5.0Ghz Product says it can put out 1000Mbps    Flat    out    false    Linksys    SHAME    SHAME    !"        *See* https://www.amazon.com/Linksys-AC1000.

27.     A purchaser named soup31314 posted a review titled "1 GBps is false statement" on February 23, 2020, on Amazon.com, and stated: "This product only has 10/100 mbs ports, so even with 700 mbs or 300 mbs wifi, you cant get more then 100 mbs through put. There is no way you cant get 1 GBps out of this device."

28.     A purchaser named Jamison M Hill posted a review titled "Don't buy. Save your money" on February 23, 2020, on Amazon.com, and stated: "Failed after 1 month. Only 100 MBs, but advertised as gigabit. Save your money, and buy a netgear."

29.     A purchaser named Galen L. posted a review titled "Speeds don't match advertised" on February 20, 2020, on Amazon.com, and stated: "I bought this thinking it would actually let me get my full 750mbps internet through WiFi but I get capped at 100mbps even with my PC HARDLINED into the router. Just dish out the money for a good router."

30.     A purchaser named Cory posted a review titled "Not 1000mbps" on December 9, 2019, on Amazon.com, and stated: "Ports are only 100mbps, misleading advertising. Wasted my money."

31.     A purchaser named  N. Opalenik  posted a review titled "False Advertising" on December 9, 2019, on Amazon.com, and stated: "This is not a gigabyte router. The ports are 10/100 and the fastest speed I ever got was around 70 mb/s. With my new router I get over 300."

32.     A purchaser named   Marina Lestari posted a review titled "Don't buy if looking for 1gig" on June 6, 2020, on Amazon.com, and stated: "Is not a 1gig router. False advertising."

33.     A purchaser named    Kyle posted a review titled "This is a 10/100 MBPS Router" on February 4, 2020, on Amazon.com, and stated: "DON'T BE FOOLED, THIS IS A 10/100 ROUTER, IT CANNOT REACH HIGHER THAN 100MBPS. 1Gb is a False advertisement."

34.     A purchaser named Tao posted a review titled "Don't buy! Be careful about the wording tricks." on January 20, 2020, on Amazon.com, and stated: "I have a 1000 Mbps internet services in house, and this one shows 1000 Mbps also, it might be work for full speed? Wrong! This wifi router's LAN port only supports 100 Mbps. The 1000 Mbps for the router is the wifi signal, which used to reduce the latency (I think), not the internet speed."

35.     A purchaser named Mike posted the following review titled "Do not buy for internet plans >100 MBps" on December 1, 2020, on Amazon.com, and stated: "This router boasts speeds up to 300 MBps, let all the LAN ports have a cap at 100 MBps. If you are getting less than 100 MBps internet, this router is probably fine. If you are getting more, you will be effectively capped at 100 MBps. I should have researched more closely, but I didn't. So this is partly on me. But really this is quite a deceiving claim."

36.     A purchaser named sudhaker posted the following review titled "not satisfied with the performance" approximately one year ago on Bestbuy.com, and stated: "the label says 1000 mbps speed but when i spoke to linksys tech support they say it supports only 100 mbps speed , it is not even giving 100 mbps it stops at max 80 mbps." *See* https://www.bestbuy.com/site/linksys-ac1000.

37.     Plaintiffs, on behalf of themselves and all others similarly-situated, seek 1) monetary damages fully compensating all individuals who were deceived by Defendants

as a result of purchasing a falsely advertised Linksys AC1000 router; 2) injunctive relief requiring Defendants to provide corrected advertising and/or to discontinue the falsely advertised Linksys AC1000 router; and 3) such other relief as the Court deems necessary and appropriate.

## THE PARTIES

38.     Plaintiff Jeremy Shepherd is a part-year resident of Queens County, New York, and purchased a Linksys AC1000 router at the Walmart store located at 30 Catskill Commons, Catskill, NY 12414.

39.     Defendant Belkin International, Inc. is a Delaware corporation with its headquarters and principal place of business located in Playa Vista, California.

40.     Defendant Walmart Inc., is a Delaware corporation with its headquarters and principal place of business located in Bentonville, Arkansas.

## JURISDICTION AND VENUE

41.     This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").  Plaintiff is a citizen of the State of New York, and Defendants are citizens of the State of Delaware and are headquartered with their principal place of business in the states of California and Arkansas.  The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

42.     In addition, this Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. C. § 1332(a).  The matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and members of the proposed class are citizens of states different from the state in which Defendant is a citizen.

43.    Venue is proper pursuant to 28 U.S.C. § 1391.  A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Further, Defendants reside in this judicial district for purposes of § 1391.  Also, Defendants have used the laws within, and has done substantial business in, this judicial district in that they have promoted, marketed, distributed, and sold the products at issue in this judicial district.  Finally, there is personal jurisdiction over Defendants in this judicial district.

## PLAINTIFF'S INDIVIDUAL ALLEGATIONS

44.    Plaintiff purchased a Linksys AC1000 router at the Walmart store located at 30 Catskill Commons, Catskill, NY 12414.

45.    Plaintiff purchased the Linksys AC1000 router to replace an Eero modem recently provided by Plaintiff's cable/internet provider because the Eero modem lacked a wps button.

46.    Plaintiff purchased said router in reliance upon all of the statements on Defendants' websites and the product packaging indicating that the router had WiFi speeds of 1,000 Mbps.

47.    After a few of weeks of using the Linksys AC1000 router, Plaintiff discovered that the Wifi speeds were less than half of the internet WiFi speeds he received on the Eero modem provided by his cable/internet provider.  The Linksys AC1000 only provided 80-90 Mbps when accessing the internet, and the Eero modem provided WiFi speeds of 200 Mbps when accessing the internet.

48.     As a result of Defendants' deceptive actions, Plaintiff has been injured by at least $35.00, the amount he spent on purchasing the Linksys AC1000 router.

49.     Plaintiff has also been damaged in that he has lost the additional payments made to his cable/internet service provider for high speed internet service he did not receive during the time that he used the Linksys AC1000 router.

50.     Defendants deceptively advertise a false representation of the Linksys AC1000 router to increase sales by millions of dollars, and sell older, less valuable, technology at higher prices.

51.     Plaintiff, on behalf of himself and all others similarly-situated, seeks to end Defendants' deceptive practices and obtain damages caused as a result.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of the following class:

> All persons or entities in the United States who purchased a Linksys AC1000 Router between January 1, 2019, and the date of the final disposition of this action, and/or such class or subclass as the Court may deem appropriate (the "Class").

53.     Plaintiff reserves the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

54.     Plaintiff reserves the right to establish sub-classes as appropriate.

55.     This action is brought and properly may be maintained as a class action under the provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(2) and (b)(3), and satisfies the requirements thereof.

56.    There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

57.    The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiff believes that the Class includes thousands of members.  Therefore, the Class is sufficiently numerous that joinder of all members of the Classes in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

58.    Plaintiff's claims are typical of the claims of the members of the Class whom they seek to represent because Plaintiff and each member of the Class has been subjected to the same deceptive and improper practices by Defendants and have been damaged in the same manner.

59.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff has no interests that are adverse to those of the members of the Class that he seeks to represent.  Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

60.    A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

a) The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action.

b) If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

c) Absent a class action, Defendants likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

61.     Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

62.     The common questions of fact include, but are not limited to, the following:

a) Whether the nationwide practice by Defendants of selling falsely advertised Linksys AC1000 routers violates the applicable consumer protection statutes;

b) Whether Defendants engaged in unlawful, unfair, misleading, or deceptive business acts or practices;

c) Whether Defendants engaged in consumer fraud, deceptive trade practices, or other unlawful acts;

d) Whether Defendants made any negligent misrepresentations;

e) Whether Defendants were unjustly enriched; and

f)   Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

63.   In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to members of the Class on a mandatory, class-wide basis.

64.   Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**COUNT I**
**Violation of State Consumer Protection Laws**

65.   Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

66.   Plaintiff brings this claim on his own behalf and on behalf of: (a) all other persons or entities who purchased a Linksys AC1000 router based on false representations of said product.

67.   Plaintiff and each member of the Class is a consumer, purchaser or other person entitled to the protection of the consumer protection laws of the state in which he/she purchased a Linksys AC1000 router.

68.   The consumer protection laws of the state in which Plaintiffs and each member of the Class who purchased a Linksys AC1000 router declare that unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful.

69.     Each of the fifty states and the District of Columbia have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising. These statutes are:

a)  Alabama Deceptive Trade Practices Act, Ala. Statues Ann. §§ 8-19-1, *et seq*.;

b)  Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et seq*.;

c)  Arizona Consumer Fraud Act, Arizona Revised Statutes, §§ 44-1521, *et seq*.;

d)  Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et seq*.;

e)  California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*., and California's Unfair Competition Law, Cal. Bus. & Prof Code § 17200, *et seq*.;

f)  Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq*.;

g)  Connecticut Unfair Trade Practices Act, Conn. Gen. Stat § 42-110a, *et seq*.;

h)  Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et seq*.;

i)  District of Columbia Consumer Protection Procedures Act, D.C. Code § 28 3901, *et seq*.;

j)  Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq*.;

k)  Georgia Fair Business Practices Act, § 10-1-390 *et seq*.;

l) Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statues § 480 1, *et seq*., and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statutes § 481A-l, *et seq*.;

m) Idaho Consumer Protection Act, Idaho Code § 48-601, *et seq*.;

n) Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq*.;

o) Indiana Deceptive Consumer Sales Act, Indiana Code Ann. §§ 24-5-0.5-0.1, *et seq*.;

p) Iowa Consumer Fraud Act, Iowa Code §§ 714.16, *et seq*.;

q) Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et seq*.;

r) Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et seq*., and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §§ 365.020, *et seq*.;

s) Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et seq*.;

t) Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et seq*., and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et seq*.;

u) Maryland Consumer Protection Act, Md. Com. Law Code § 13-101, *et seq*.;

v) Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;

w) Michigan Consumer Protection Act, §§ 445.901, *et seq*.;

x)  Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68, *et seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq.*;

y)  Mississippi Consumer Protection Act, Miss. Code Ann. §§ 75-24-1, *et seq.*;

z)  Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*;

aa) Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code §30-14-101, *et seq.*;

bb) Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59 1601, *et seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq.*;

cc) Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et seq.*;

dd) New Hampshire Consumer Protection Act, N.H. Rev. Stat.§ 358-A:l, *et seq.*;

ee) New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et seq.*;

ff)  New Mexico Unfair Practices Act, N.M. Stat. Ann.§§ 57 12 1, *et seq.*;

gg) New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law§§ 349, *et seq.*;

hh) North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et seq.*;

ii)  North Carolina Unfair and Deceptive Trade Practices Act, North Carolina General Statutes §§ 75-1, *et seq.*;

jj) Ohio Deceptive Trade Practices Act, Ohio Rev. Code. Ann. §§ 4165.01. *et seq.*;

kk) Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et seq.*;

ll) Oregon Unfair Trade Practices Act, Rev. Stat § 646.605, *et seq.*;

mm) Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Penn. Stat. Ann. §§ 201-1, *et seq.*;

nn) Rhode Island Unfair Trade Practices And Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

oo) South Carolina Unfair Trade Practices Act, S.C. Code Laws § 39-5-10, *et seq.*;

pp) South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et seq.*;

qq) Tennessee Trade Practices Act, Tennessee Code Annotated §§ 47-25-101, *et seq.*;

rr) Texas Stat. Ann. §§ 17.41, *et seq.*, Texas Deceptive Trade Practices Act;

ss) Utah Unfair Practices Act, Utah Code Ann. §§ 13-5-1, *et seq.*;

tt) Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

uu) Virginia Consumer Protection Act, Virginia Code Ann. §§ 59.1-196, *et seq.*;

vv) Washington Consumer Fraud Act, Wash. Rev. Code § 19.86.010, *et seq.*;

ww) West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et seq.*;

xx) Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et seq.*;

yy) Wyoming Consumer Protection Act, Wyoming Stat. Ann. §§ 40-12-101, *et seq*.

70.     The deceptive Linksys AC1000 routers marketed and sold by Defendants constitute products to which these consumer protection laws apply.

71.     Defendants violated the above stated consumer protection laws by their deceptive practices.

**COUNT II**
**Breach of Contract**

72.     Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

73.     Defendants, through their advertising in store and online, offered the Linksys AC1000 router claiming to have WiFi speeds of up to 1,000 Mbps and speeds 2.3 times greater than WiFi 4 to "swiftly stream HD, surf, email, game, browse, and chat".

74.     Defendants knew, or should have known, that the average customer understands that the advertised WiFi speeds means the maximum WiFi speeds that can be obtained in accessing the internet.

75.     Customers purchased said Linksys routers based on Defendants' representations.

76.     Defendants failed to disclose that said Linksys routers could not achieve certain WiFi speeds when accessing the internet because the Ethernet port connected to the cable modem was limited to 100 Mbps.

77.     Defendants breached their sales contracts with Plaintiff and similarly situated customers who purchased Linksys AC1000 routers.

78.     Plaintiff and similar purchasers of the Linksys AC1000 routers suffered damages as a result of their purchases.

79.     The damages suffered include the amounts paid for said Linksys AC1000 routers and the amounts paid to cable/internet providers for high speed internet services that were never received while using said Linksys routers.

### COUNT III
### Breach of Implied Warranty of Merchantability

80.     Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

81.     At all times relevant hereto Defendants were under a duty imposed by law requiring that a manufacturer's and merchant's product be reasonably fit for the ordinary purposes for which the product is used, and that the product be acceptable in trade for the product description.

82.     This implied warranty of merchantability is part of the basis for the bargain between Defendants on the one hand, and Plaintiff and class members on the other.

83.     Notwithstanding the aforementioned duty, at the time of delivery, Defendants breached the implied warranty of merchantability in that they failed to perform as described and failed to conform to the standard described by Defendants in their marketing and representations.

84.     Defendants knew or should have known that selling the Linksys AC1000 to Plaintiff and class members constituted a breach of the implied warranty of merchantability.

85.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and class members bought the Linksys AC1000 without knowledge of their nonconformance.

86.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and class members purchased the Linksys AC1000, which could not be used for its intended purpose.

87.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and class members have suffered damages and did not receive the benefit of their bargain.

## COUNT IV
### Negligent Misrepresentation

88.     Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

89.     Defendants, directly or through their agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Class.

90.     Specifically, Defendants, through their advertising in store and online, offered Linksys AC1000 routers that they claimed to have enhanced WiFi speeds up to 1,000 Mbps and speeds 2.3 times greater than WiFi 4 to "swiftly stream HD, surf, email, game, browse, and chat."

91.     Defendants knew, or should have known, that the average customer understands that the advertised WiFi speeds means the maximum WiFi speeds that can be obtained when accessing the internet.

92.     Defendants failed to disclose that said Linksys routers could not achieve speeds greater than 100 Mbps when accessing the internet because the Ethernet port connected to the cable modem was limited to 100 Mbps.

93.     Plaintiff and similar purchasers relied on such advertisements in purchasing Linksys AC1000 routers.

94.     In making the representations of fact to Plaintiff and members of the Class described herein, Defendants have failed to fulfill their duties to disclose the material facts set forth above.   The direct and proximate cause of this failure to disclose was Defendants' negligence and carelessness.

95.     Defendants, in making the misrepresentations and omissions, and in doing the acts alleged above, knew or reasonably should have known that the representations were not true.

96.     Defendants made and intended the misrepresentations to induce the reliance of Plaintiff and members of the Class to purchase Linksys routers.

97.     Plaintiff and members of the Class relied upon these false representations and nondisclosures by Defendants when purchasing Linksys routers, which reliance was justified and reasonably foreseeable.

98.     As a result of Defendants' wrongful conduct, Plaintiff and members of the Class have suffered damages.

99.     The damages suffered include the amounts paid for said Linksys AC1000 routers and the amounts paid to cable/internet providers for high speed internet services that were never received while using said Linksys routers.

**COUNT V**
**Unjust Enrichment**

100.    Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

101.    By its wrongful acts and omissions, Defendants have been unjustly enriched at the expense of Plaintiff and members of the Class, and thus Plaintiff and members of the Class were unjustly deprived of time and value of money provided to Defendants.

102.    It would be inequitable and unconscionable for Defendants to retain the profit, benefit, and other compensation they obtained from the deceptive, misleading, unfair and unlawful conduct alleged herein.

103.    Plaintiff and members of the Class seek restitution from Defendants, and seek an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendants from their wrongful conduct.

**COUNT VI**
**Fraud**
**(on behalf of Plaintiff only)**

104.    Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

105.    Defendants, directly or through their agents and employees, made false representations, concealments, and nondisclosures to Plaintiff.

106.    Specifically, Defendants, through their advertising in store and online, offered the Linksys AC1000 router and claimed said router had enhanced WiFi speeds of up to 1,000 Mbps and speeds 2.3 times faster than Wifi 4 "swiftly stream HD, surf, email, game, browse, and chat."

107.    Plaintiff relied on said advertisements in purchasing the Linksys AC1000 router.

108.    Defendants knew, or should have known, that the average customer understands that the advertised WiFi speeds means the maximum WiFi speed that can be obtained in accessing the internet.

109.    Defendants failed to disclose that the Linksys AC1000 could not achieve speeds greater than 100 Mbps when accessing the internet because the Ethernet port connected to the cable modem was limited to 100 Mbps.

110.    In making the representations of fact to Plaintiff and members of the Class described herein, Defendants have failed to fulfill their duties to disclose the material facts set forth above.  The direct and proximate cause of this failure to disclose was Defendants' fraud.

111.    Defendants, in making the misrepresentations and omissions, and in doing the acts alleged above, knew or reasonably should have known that the representations were not true.

112.    Defendants made and intended the misrepresentations to induce the reliance of Plaintiff to purchase the Linksys AC1000 router.

113.    Plaintiff relied upon these false representations and nondisclosures by Defendants when purchasing the Linksys AC1000, which reliance was justified and reasonably foreseeable.

114.    As a result of Defendants' wrongful conduct, Plaintiff has suffered damages.

115.    The damages suffered include the amount paid for said Linksys routers and the amount paid to his cable/internet providers for high speed internet services that were never received while using the Linksys AC1000 router.

116.    Any contract, terms, or conditions allegedly agreed to by Plaintiff in purchasing and/or operating the Linksys AC1000 were obtained as a result of Defendants' fraud and any such provisions allegedly agreed to by Plaintiff, including any choice of law or arbitration provisions, are void and unenforceable, as a result of said fraud.

## **RELIEF REQUESTED**

Accordingly, Plaintiff, on behalf of himself and the members of the Class, seeks judgment as follows:

1.    Certifying the Class as requested herein, certifying Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class;

2.    Ordering that Defendants are financially responsible for notifying all members of the Class of the alleged misrepresentations and omissions set forth herein;

3.    Awarding Plaintiff and the members of the Class compensatory damages in an amount according to proof at trial;

4.    Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and members of the Class;

5.    Awarding declaratory and injunctive relief, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of their conduct and pay them

restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful or unlawful;

6.      Awarding to Plaintiff and the Class punitive damages;

7.      Ordering Defendants to stop selling falsely advertised Linksys AC1000 routers or to correct the deceptive behavior;

8.      Awarding interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

9.      Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

10.     Directing such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury as to all matters so triable.

Dated: October 21, 2021

James C. Kelly
**The Law Office of James C. Kelly**
244 5th Avenue, Suite K-278
New York, New York 10001
Tel: 212-920-5042
Email: jkelly@jckellylaw.com